_____
Honorable Hilary L. Barnes
United States Bankruptcy Judge

Entered on Docket
March 02, 2026

_____

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
*Counsel for RDFN FUM Natural Products Ltd., and*
*RDFN FUM Natural Products Inc.*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>RDFN FUM Natural Products Inc.,<br><br>Debtor. | Case No. BK-26-11022-hlb<br><br>Chapter 15<br><br>**ORDER GRANTING PROVISIONAL RELIEF UNDER SECTION 1519 OF THE BANKRUPTCY CODE**<br><br>Hearing Date:  February 24, 2026<br>Hearing Time:  9:30 a.m. |

THIS MATTER came before the Court for hearing on February 24, 2026, upon the *Emergency Motion for Entry of an Order Granting Provisional Relief Under Section 1519 of the Bankruptcy Code* [Docket No. 7] (the "Motion").[1]  Brett A. Axelrod appeared on behalf of RDFN FUM Natural Products Ltd., as the foreign debtor and foreign representative ("FUM Canada," the

_____
[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

- 1 -

182563489.1

"Foreign Debtor" or "Foreign Representative"), and its affiliate RDFN FUM Natural Products Inc. ("FUM US" and, together with FUM Canada, the "Foreign Debtors").  Through the Motion, the Foreign Debtors seek the entry of an Order (as described in the Motion) granting provisional relief pursuant to Sections 105(a) and 1519(a) of the Bankruptcy Code. No objections or responses to the Motion were filed.  Upon consideration of the Motion, the Court makes the following:

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**[2]

A. This Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 109 and 1501.

B. Venue is proper in this district pursuant to 28 U.S.C. § 1410.

C. This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

D. On February 17, 2026, the Foreign Debtors were granted the *Foreign Representative Order* by the Canadian Court appointing FUM Canada as the Foreign Representative for the purpose of having the Foreign Proceeding recognized in the United States.

E. On February 18, 2026, the Foreign Debtors each filed a petition [Docket Nos. 1] (collectively, the "Petitions") for recognition of the Foreign Proceeding under chapter 15 of title 11 of the United States Code (the "Bankruptcy Code").

F. The Court considered the record in the Foreign Proceeding and the *Declaration of Braedan Pauls* [Docket No. 8] filed in support of the Motion.

G. Notice of the filing of the Motion, the hearing on the Motion, and the Court's order shortening time on the Motion, was given by the Foreign Debtors, pursuant to Bankruptcy Rules 1012(b), and 9006(c), via United States Mail to: (a) the Office of the United States Trustee for the District of Nevada; (b) the Proposal Trustee, (c) BFL Metal Products Co., Ltd. ("BFL"); (d) any known creditor of the Foreign Debtors for whom the Foreign Debtors have an address; and (e) all other parties requesting notice pursuant to Bankruptcy Rule 2002.  A certificate of service was filed on February 23, 2026, 2026.

---

[2] All capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

182563489.1

H. There is an urgent need for the relief set forth herein to protect the assets of the Foreign Debtors and/or the interests of creditors.

I. The Foreign Debtors have complied with the standards, procedures, and limitations applicable to an injunction with respect to the relief requested herein as required by Section 1519(e) of the Bankruptcy Code.

J. There is a reasonable likelihood that the Foreign Debtors will obtain recognition of the Foreign Proceeding as a "foreign main proceeding" as defined in section 1502(4) of the Bankruptcy Code.

K. The provisional relief requested either: (a) will not cause any undue hardship to BFL or other parties in interest or (b) any hardship to BFL or other parties in interest is outweighed by the benefits of the relief requested.

L. Unless the provisional relief is issued, there is a material risk that the Foreign Debtors' assets could be subject to efforts by BFL or other creditors or other parties in interest in the United States to control or possess the Foreign Debtors' assets located in the United States or take other detrimental business acts against such assets of the Foreign Debtor.

M. Such acts could: (a) interfere with and cause harm to the jurisdictional mandate of this Court under Chapter 15 of the Bankruptcy Code; (b) interfere with and cause harm to the Foreign Debtors' efforts to administer their estates pursuant to the Foreign Proceeding; and (c) undermine the Foreign Debtors' efforts to achieve an equitable result for the benefit of all of the Foreign Debtors' creditors.

N. There is a material risk that the Foreign Debtors may suffer immediate and irreparable injury for which they will have no adequate remedy at law, and therefore, it is necessary that the Court enter this Order.

O. The interest of the public will be served by this Court's entry of this Order by, inter alia, facilitating the Foreign Debtors' efforts to restructure their business under the Bankruptcy Code and applicable Canadian law.

P. The Foreign Debtors are entitled to the full protections and rights available pursuant to Section 1519(a) of the Bankruptcy Code.

182563489.1

**WHEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED** that:

1. The Motion is GRANTED;

2. Upon entry of this Order, and continuing until the Court rules on each Foreign Debtor's *Motion of Foreign Debtor as Foreign Representative for Chapter 15 Recognition and Final Relief*, currently scheduled for March 24, 2026, at 10:30 a.m. Pacific Time, it is ordered that:

   a. the protections of Section 362 of the Bankruptcy Code apply to the Foreign Debtors and their assets in the United States;

   b. FUM Canada as Foreign Representative is established as the representative of the Foreign Debtors with full authority to administer the Foreign Debtors' assets and affairs in the United States;

   c. all persons and entities are enjoined from seizing, attaching and/or enforcing or executing liens or judgments against the Foreign Debtors' property in the United States or from transferring, encumbering or otherwise disposing of or interfering with the Foreign Debtors' business operations, assets or agreements in the United States without the express consent of the Foreign Debtors; and

   d. all persons and entities are enjoined from commencing or continuing, including the issuance or employment of process of, any judicial, administrative or any other action or proceeding involving or against the Foreign Debtors or their assets or proceeds thereof, or to recover a claim or enforce any judicial, quasi-judicial, regulatory, administrative or other judgment, assessment, order, lien or arbitration award against the Foreign Debtors or their assets or proceeds thereof.

3. Until further order of this Court, FUM Canada as Foreign Representative is hereby established as the exclusive representative of the Foreign Debtors in the United States;

4. Any violation of the stay imposed by this Order or other provisions of the Bankruptcy Code, shall subject such party to sanctions;

5. Notwithstanding any provision in the Bankruptcy Rules to the contrary: (a) this Order shall be effective immediately and enforceable upon its entry; (b) the Foreign Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order; and (c) the Foreign Debtors are authorized and empowered, and may in their discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order;

182563489.1

6. Within 2 business days of entry of this Order, the Foreign Representative must serve notice of this Order on special notice parties and UST, which will be sufficient notice of this Order.

7. This Court shall retain jurisdiction with respect to any matters, claims, rights, or disputes arising from or related to the Motion, the Petitions, or the interpretation or implementation of this Order.

Prepared and Respectfully Submitted by:

**FOX ROTHSCHILD LLP**

By  /s/Brett A. Axelrod
    BRETT A. AXELROD, ESQ.
    Nevada Bar No. 5859
    1980 Festival Plaza Drive, Suite 700
    Las Vegas, Nevada 89135
    *Counsel for Debtors*

APPROVED/DISAPPROVED:

**OFFICE OF THE UNITED STATES TRUSTEE**

BY:  *Waived*
    Jared Day
    Trial Attorney for United States Trustee,
    Peter C. Anderson

APPROVED/DISAPPROVED:

**ALLEN, DYER, DOPPELT & GILCHRIST, PA**

By:  *No Response*
    Robert H. Thornburg, Esq.
    121 Alhambra Plaza, Suite 1250
    Coral Gales, Florida  33134
    *Counsel for BFL Metal Products Co., Ltd.*

APPROVED/DISAPPROVED:

**CFT CLEAR FINANCE TECHNOLOGY CORP.**

By:  *No Response*
    Nader Dabbo
    33 Yonge Street, Suite 1302
    Toronto, ON M5E 1G4

182563489.1

## **CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021**

In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

☐ The Court has waived the requirement of approval in LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion

☒ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

| | |
|---|---|
| Jared Day, Trial Attorney for United States Trustee, Peter C. Anderson | Waived |
| Robert H. Thornburg<br>Allen, Dyer, Doppelt & Gilchrist, PA<br>*Counsel for BFL Metal Products Co., Ltd.* | No Response |
| Nadder Dabbo<br>*CFT Clear Finance Technology Corp.* | No Response |

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #

182563489.1